UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/10/2026___

ZIELINSKI,

                    Plaintiff,

          -against-

SMITH *et al*.,

                    Defendants.

7:26-CV-2521 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's renewed motion for a preliminary injunction. (ECF No. 24.)   Therein, Plaintiff seeks to be reinstated to the role of Grievance Clerk at Woodbourne Correctional Facility.  (*Id*. at 1.)   However, the Court cannot grant Plaintiff's requested relief at this juncture because prisoners in a New York State correctional facility have "no protected liberty interest in a particular job assignment."  *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (citing *Frazier v. Coughlin*, 81 F.3d 313, 318 (2d Cir.1996) (per curiam)). Indeed, courts in the Second Circuit, and its sister courts, agree that "[p]risoners do not have a constitutionally protected property interest in a certain employment or in continued employment." *Diaz v. Fischer*, 2010 WL 1132772, at *1 n. 6 (N.D.N.Y. Feb. 23, 2010), *report and recommendation adopted in part*, 2010 WL 1133074 (N.D.N.Y. Mar. 23, 2010); *see also Johnson*, 569 F.3d at 43–44 ("there is no property interest in a federal prisoner's [ ] job assignment."); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 & n. 4 (5th Cir. 1995) ("an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). Furthermore, courts within this district have reached the same conclusion.  *See, e.g.*, *Onwuazombe v. Dodrill*, 2008 WL 1758641, at *1 (S.D.N.Y. Apr. 16, 2008) ("A prisoner has no right to prison employment.");  *Hare v. Hayden*, 2011 WL 1453789, at *11 (S.D.N.Y. Apr. 14, 2011)

("[Defendant's] alleged refusal to allow Plaintiff to work as [a] clerk is insufficient to support § 1983 claim, as [Plaintiff] holds no right to her prison assignment."). For these reasons, the Court again DENIES Plaintiff's motion for a preliminary injunction. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on the docket and to note service on the docket.

SO ORDERED.

Dated:    April 10, 2026
          White Plains, New York

NELSON S. ROMÁN
Chief United States District Judge