UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/16/2026____

JEREMY ZIELINSKI,

               Plaintiff,

      -against-

BETSY SMITH, *et al.*,

               Defendants.

7:26-CV-2521 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's letter seeking reconsideration of the Court's denial of his Motion for a Temporary Restraining Order and Preliminary Injunction. (ECF No. 26.) Plaintiff asserted in his initial motion that he sought "a temporary restraining order and preliminary injunction reinstating him to his Grievance Clerk position." (ECF No. 6 at 7.) After the Court denied that application, Plaintiff subsequently—and inappropriately—submitted a renewed motion for a Temporary Restraining Order and Preliminary Injunction addressed to Magistrate Judge Andrew E. Krause. (ECF No. 24.) Therein, Plaintiff again sought to be reinstated to the role of Grievance Clerk at Woodbourne Correctional Facility. (*Id.*) The Court denied Plaintiff's renewed motion because an inmate in a New York State correctional facility has "no protected liberty interest in a particular job assignment." *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (citing *Frazier v. Coughlin*, 81 F.3d 313, 318 (2d Cir. 1996) (per curiam)).

In his most recent filing, Plaintiff now concedes that he has not "been terminated or removed," nor does he "need reinstatement to a lost position," because he has not been removed as a Grievance Clerk. (ECF No. 26 at 1.) Notwithstanding this concession, Plaintiff contends, in relevant part, that the Court erred in characterizing the Grievance Clerk position as an "ordinary prison job." (*Id.*) Plaintiff further asserts that the Grievance Clerk role is fundamentally different

from other inmate clerk positions. (*Id*.) In support, Plaintiff relies on *Chufen Chen v. Dunkin'*

*Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020), asserting that his argument is supported by

"controlling New York law." (*Id*.) However, *Chufen Chen* concerns whether certain food products

were accurately advertised as containing angus beef. *See* 954 F.3d at 497. The Second Circuit's

decision does not address whether a Grievance Clerk position is afforded a liberty interest. *See*

*generally id*. Plaintiff also claims that "New York courts have treated retaining grievance office

[sic] as a liberty interest." (ECF No. 26 at 1.) In support, Plaintiff cites *Ode v. Smith*, 118 Misc.

2d 617, 461 N.Y.S.2d 684 (Sup. Ct. 1983)—a decades-old decision from the Wyoming County

Supreme Court. (*Id*.) While *Ode* discusses New York law, it is inapplicable here. There, the court

addressed an inmate's transfer to a different facility, which is not at issue in this case. *See Ode*,

118 Misc. 2d at 619. Nor does the court in *Ode* consider whether such relief is appropriate in the

form of a temporary restraining order or preliminary injunction. *See generally id*.

Plaintiff further contends that this Court has authority to order reinstatement. (ECF No. 26

at 2.) This argument fails for at least two reasons. First, because Plaintiff has not been removed

from his position, there is no basis for reinstatement. (*Id*. at 1.) Second, Plaintiff asserts that this

Court has granted such relief in similar circumstances. (*Id*. at 2.) This assertion is incorrect.

Plaintiff selectively quotes from cases decided at different procedural postures, and those cases

ultimately deny the very relief he seeks. *See Harrison v. Traylor*, 2019 WL 120774, at *1 (S.D.N.Y.

Jan. 7, 2019) (granting motion to dismiss where inmate plaintiff alleged First Amendment

retaliatory claims); *Joseph v. Annucci*, 2020 WL 409744, at *6 (S.D.N.Y. Jan. 23, 2020)

(dismissing inmate plaintiff's claims that he lost his job as a result of filing grievance complaints);

*Ison v. Kachappilly*, 2025 WL 1021584, at *8 (S.D.N.Y. Mar. 31, 2025) (dismissing inmate

plaintiff's First Amendment retaliatory claims). Plaintiff likewise cites to other authority in the

Southern District of New York but to no avail.  *See Baker v. Zlochowon*, 741 F. Supp. 436, 441 (S.D.N.Y. 1990) (considering defendants' motion for summary judgment).

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED with prejudice.  This determination does not foreclose the possibility that Plaintiff plausibly alleges a First Amendment retaliation claim.  However, in light of the inconsistencies throughout Plaintiff's filings, as well as his reliance on inapposite authority, the Court cannot grant the requested relief at this juncture.  The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to note service on the docket.

SO ORDERED.

Dated:   April 16, 2026
         White Plains, New York

_____
NELSON S. ROMÁN
Chief United States District Judge

3